By the' Court.
 

 The funds involved in this controversy are a portion of Cuyahoga county’s share of the proceeds of the retail sales tax distributable January 1, 1938, retained by the state, and for which the State Auditor has refused to issue the warrant of the state upon the ground that Cuyahoga county is indebted to the state in the amount in question. A very voluminous so-called “Stipulation of Pacts” has been prepared and presented, and upon such agreed statement of
 
 *633
 
 facts this' case was submitted for determination. However, tbe facts essential to the disposition of the legal question presented are comparatively simple and within a rather narrow compass.
 

 The claimed indebtedness of the county by reason of which the warrant of the state is withheld is its half of the cost of maintaining insane wards committed to county detention hospitals. The sole question at issue, therefore, is whether Cuyahoga county owes the state for such cost of care and maintenance of certain persons adjudged by the Probate Judge of Cuyahoga county to be insane and committed to certain private hospitals and sanitariums in Cuyahoga county during the period from April 2, 1937, to January 1,1938, and the decision of that question depends upon whether such hospitals during the period stated were “detention hospitals” within the meaning of that term as used in Section 3155, General Code.
 

 It is agreed that as early as 1927 the County Commissioners of Cuyahoga county, by reason of the overcrowded condition of the state hospital at Cleveland, made provision for additional housing and hospital facilities for persons adjudged to be insane, by contracts with the authorities of the city of Cleveland whereby the hospitals of the city Vere established as detention hospitals, and that until September, 1935, such adjudicated insane persons were then cared for in these hospitals and sanitariums at the cost of Cuyahoga county. The commitment of such persons by the Probate Judge of the county to such hospitals and sanitariums had been pursuant to formal action and approval by the county commissioners. The law at that time required the payment of the cost of the care and maintenance of such wards to be borne by the county. By amendment of the statute, effective September 5, 1935, the state became liable for the care and maintenance of insane persons committed to detention hospitals by a Probate Judge. Though the entire cost of
 
 *634
 
 care and maintenance of such adjudicated insane persons so committed was then paid by the state, the county commissioners still retained and exercised the right to designate and establish the detention hospitals to which such commitments might be made; and in Cuyahoga county such designation (with one possible exception) was never altered or revoked. Such was the situation when the amendment of Section 3155, General Code, now in force, became effective April 2, 1937; and thereafter the cost of the care and maintenance of adjudicated insane persons in designated detention hospitals under the provisions of the amended statute was to be equally borne by the county and state. It was under and by virtue of the provisions of such amended statute that it is claimed the indebtedness in question was incurred. The county commissioners now seek to avoid liability for the county’s portion for such care and maintenance upon the ground that these institutions in which such insane persons were cared for and maintained pursuant to commitment, thereto by the Probate Judge of Cuyahoga county had not been designated as detention hospitals by the county commissioners.
 

 As heretofore stated, the hospitals in question had been previously designated or approved by the county commissioners as detention hospitals. It will be assumed that, when such designation was made, action was taken pursuant to the provisions of Sections 3154 and 3155, General Code, as they then existed. When, in 1935, the county availed itself of the 1935 amendment of Section 3155, General Code, which required the state to meet the entire expense of the care and maintenance of insane persons confined in such detention hospitals, the county commissioners made no change or alteration in such designation of detention hospitals, but merely directed attention to the fact that the county was no longer liable for the care and maintenance of insane persons committed thereto. Accordingly, the state then paid these institutions for the service rendered as
 
 *635
 
 detention hospitals pursuant to their previous designation as such by the county commissioners. It is conceded that the institutions in question have supplied the essential service and provided care and maintenance for the state’s wards duly committed thereto from Cuyahoga county and that the bills rendered are in all respects correct.
 

 We do not feel disposed to indulge in technical niceties in the construction and application of these statutory provisions where the welfare of the state’s unfortunate wards is involved. Whether the designation of such detention hospitals was originally made in strict conformity with the statutes then in force or whether these institutions comply with the various technical requirements specified need not now be the subject of inquiry. Having been designated and used for the purpose indicated during the period when the state was paying the entire cost and expense of the care and maintenance of such wards, there can be no well-founded objection to the maintenance of that same status of these detention hospitals during the period when such expense is borne equally by the county and state. Having secured the benefit of such previous designation when the state w;as' paying the entire cost and expense, the county should not now be permitted to renounce that action and thus relieve itself from the obligation now imposed by the statute. Good faith and fair dealing should be required of men, whether acting with or without official title.
 

 Clearly the situation presented does not warrant the allowance, but on the contrary requires the denial, of the writ of mandamus sought. It is well settled that only duties specially enjoined by law are enforcible by mandamus and the right thereto must be certain and clear.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.